

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:12-CR- | 7 )-T- 33 TG W

P & P COMPUTERS

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E.

O'Neill, United States Attorney for the Middle District of Florida, the defendant, P & P

COMPUTERS, and the attorney for the defendant, James E. Felman, Esq., mutually

agree as follows:

**A.    Particularized Terms**

**1.    Count Pleading To**

The defendant shall enter a guilty plea to Count Two of the Information,

which charges the defendant, P & P COMPUTERS, with conspiracy to violate the

International Emergency Economic Powers Act (IEEPA) and the Iranian Transaction

Regulations (ITR), in violation of 50 U.S.C. § 1705(a) and (c) and 31 C.F.R. §§ 560.203

and 560.204.

**2.    Maximum Penalties**

Count Two carries a maximum fine of $1,000,000 and a special

assessment of $~~100.00~~ 400.00, said special assessment due on the date of sentencing.  With

respect to certain offenses, the Court shall order the defendant to make restitution to

Defendant's Initials _____                      AF Approval _____

any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.  Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which the defendant has been charged and to which the defendant is pleading guilty.  The elements of Count Two are:

First:     two or more persons, in some way or manner, agreed to try and accomplish a common and unlawful plan to violate the International Emergency Economic Powers Act and the Iranian Transaction Regulations, as charged in the Information;

Second:    the defendant knew the unlawful purpose of the plan and willfully joined in it;

Third:     during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the Information; and

Fourth:    the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

4.  Indictment Waiver

The defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.  No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge the defendant with committing any other federal criminal offenses which are known to the United States

Defendant's Initials _____     2

Attorney's Office at the time of the execution of this agreement and which are related to the conduct giving rise to this plea agreement.

6. <u>Application of Sentencing Guidelines</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States submits, and the defendant agrees, that the defendant's sentence is not governed by the United States Sentencing Guidelines. Although the offense to which the defendant is pleading guilty is covered by USSG § 2M5.1(a)(1), that section is not listed under USSG § 8C2.10, which governs fines for organizations. Accordingly, pursuant to USSG § 8C2.10, the sentence is to be determined by applying 18 U.S.C. §§ 3553 and 3572.

7. <u>Corporate Defendant</u>

The undersigned corporate officer or representative of the defendant hereby certifies that he is authorized by the defendant corporation to act on its behalf, to plead guilty to the charge alleged in the Information, and to enter into this plea agreement, and that a corporate resolution so empowering said officer or representative has been duly made and approved by said corporation. If, at the time of sentencing, said defendant corporation is operating in its capacity as a corporation, the corporation will have implemented an effective program to prevent and detect violations of law, which program shall require the exercise of due diligence, requiring at a minimum that the corporation take the steps set forth in USSG §8B2.1. The defendant corporation further agrees that such a program may be made a special condition of probation, should the Court determine that a sentence of probation is appropriate.

Defendant's Initials _____ 3

8.   <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States or in the possession or control of the defendant or the defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a money judgment in the amount of $10,000,000, which sum represents the proceeds obtained as a result of the conspiracy to illegally export to Iran charged in Count Two, as well as the computer equipment and software intended for export by the defendant and detained (and subsequently seized) by Customs and Border Protection on or about December 30, 2009, December 31, 2009, and September 29, 2011, all of which was purchased with funds paid to the defendant for these shipments or prior shipments. The net proceeds from the sale of the seized computer equipment and seized software shall be applied to the money judgment. The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of

Defendant's Initials   _RA_           4

the property sought by the government.  Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that at the time of accepting this plea agreement, the Court make a determination that the government has established (1) the amount of the proceeds of the offenses to which the defendant is pleading guilty is $10,000,000 and (2) the subject computer equipment and software were purchased with proceeds of the conspiracy, and enter an Order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture Order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property ("substitute assets") of the defendant up to the value of the money judgment.  The Court shall retain jurisdiction to settle any disputes arising from application of this clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which the defendant exercises control, directly or indirectly, including all assets held by nominees, to execute any documents requested by the

Defendant's Initials ___*KJ*___           5

United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five (5) years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant's cooperation in this regard is not protected by Federal Rule of Criminal Procedure 11 or USSG §1B1.8.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

**B.    Standard Terms and Conditions**

  1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for the offenses described in 18 U.S.C.

Defendant's Initials _____         6

§ 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. §§ 3663 or 3579. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to a fine.

2.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which the defendant pleads, to respond to comments made by the defendant or the defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any

Defendant's Initials _____          7

recommendations to the Court and for collecting any assessments, fines, restitution or forfeiture ordered by the Court.

3. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the defendant's sentence will be determined solely by the Court, with the assistance of the United States Probation Office. The defendant further understands and acknowledges that any discussions between the defendant or the defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, the defendant will not be permitted to withdraw the defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

4. Defendant's Waiver of Right to Appeal and
   Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal the defendant's sentence or to challenge it collaterally on any ground, including

Defendant's Initials _____ 8

the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

5.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state or local prosecuting authorities, although this office will bring the defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested. This office will bring the defendant's cooperation to the attention of the State's Attorney.

6.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of the defendant's entry of a plea of guilty pursuant hereto.

7.    Voluntariness

The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any

Defendant's Initials _____        9

discussions between the attorney for the government and the defendant and the defendant's attorney and without the promise of a benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation or coercion of any kind. The defendant further acknowledges the defendant's understanding of the nature of the offense(s) to which the defendant is pleading guilty and the elements thereof, including the penalties provided by law, and the defendant's complete satisfaction with the representation and advice received from the defendant's undersigned counsel. The defendant also understands that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that the defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against the defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in the defendant's defense; but, by pleading guilty, the defendant waives or gives up those rights and there will be no trial. The defendant further understands that if the defendant pleads guilty, the Court may ask the defendant questions about the offense to which the defendant pled, and if the defendant answers those questions under oath, on the record, and in the presence of counsel, the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement. The defendant also understands that the defendant will be adjudicated guilty of the offenses to which the defendant has pled and, if such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

Defendant's Initials _RH_                    10

8.  <u>Factual Basis</u>

The defendant is pleading guilty because the defendant is in fact guilty. The defendant certifies that the defendant does hereby admit that the facts set forth below are true, and that, were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt. The parties further acknowledge and state, however, that these facts are set forth for the limited purpose of complying with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, and are <u>not</u> intended to serve as a complete statement of the defendant's involvement in the offenses to which the defendant is pleading is guilty.

FACTS

The defendant, P & P COMPUTERS, was a limited liability company organized under the laws of the State of Florida on or about February 22, 2008. It was administratively dissolved on or about September 23, 2011. A co-conspirator, MOHAMMAD REZA (a/k/a "Ray") HAJIAN [hereinafter "HAJIAN"], established the entity, identified his home address in Tampa, Florida as the entity's business address, served as sole manager of the entity, and operated the entity from his home address. During the course of the conspiracy, HAJIAN also owned and operated RH INTERNATIONAL, LLC and NEXIANT, LLC. HAJIAN used the three businesses, RH INTERNATIONAL, LLC, NEXIANT, LLC, and P&P COMPUTERS, interchangeably in the course of his dealings with co-conspirators and others.

Beginning on an unknown date, but at least as early as in or around 2003, and continuing through and including the Fall 2011, in the Middle District of Florida and

Defendant's Initials __*RJ*__          11

elsewhere, including in Tampa, Florida, the defendant, P & P COMPUTERS, conspired

with other persons, including, but not limited to, Co-conspirator A, to unlawfully export

computer and related equipment from the United States through the United Arab

Emirates (UAE) to Iran without first having obtained the required license from the United

States Department of the Treasury, Office of Foreign Asset Control (OFAC).

During the course of and in furtherance of this conspiracy, the defendant and its

co-conspirators, including HAJIAN, RH INTERNATIONAL, LLC and NEXIANT, LLC,

purchased computer and related equipment from various entities, including a company

in Florida [hereinafter FL-CO], and resold that merchandise to various individuals and

entities in Iran.  Throughout the time period of the conspiracy, however, it was

prohibited under the International Emergency Economic Powers Act (IEEPA) (50 U.S.C.

§§ 1701-1705) to willfully violate, attempt to violate, conspire to violate, or cause a

violation of the Iranian Transaction Regulations (ITR) (31 C.F.R. §§ 560.203, 560.204).

The ITR made it unlawful to export, re-export, sell or supply, directly or indirectly from

the United States or by a United States person, wherever located, any goods,

technology or services to Iran without having first obtained an export license from

OFAC.  This prohibition included the exportation, re-exportation, sale or supply of any

goods, technology or services from the United States or by a United States person,

wherever located, to a person in a third country undertaken with knowledge or reason to

know that such goods, technology or services were intended specifically for supply,

directly or indirectly, to Iran.  At no time during the course of the conspiracy did the

Defendant's Initials _RH_          12

defendant or Co-Conspirator A apply for or obtain a license or authorization from OFAC to export the computer and related equipment to Iran.

In an effort to make it appear that they were not violating the United States embargo with Iran, the defendant and its co-conspirators caused the shipments of computers and related equipment, as well as the payments for same, to travel to and from the United States and Iran through the UAE. To further facilitate their illicit transactions in Iran, the defendant and its co-conspirators communicated with each other via electronic mail (including to and from Tampa, Florida), and employed fake identities, fake end-users, and coded language in those electronic communications in order to mask the true nature of their activities.

In addition, the defendant and its co-conspirators provided, and caused to be provided, to freight forwarders invoices with false end-users as well as significantly understated values of the shipments, thereby lowering the customs duties and freight forwarding service fees they were obligated to pay to the UAE government and the UAE freight forwarder (UAE-FF), for sending the goods to the UAE which were later sent to Iran.

The shipments that the defendant and its co-conspirators knowingly and willfully shipped, and caused to be shipped, to Iran in violation of the United States embargo, included, but were not limited to, a Hitachi Data Systems (HDS) Universal Storage Platform V (USP V) and related parts and equipment [hereinafter Purchase Order (PO) 4040], which the defendant and its co-conspirators arranged to sell to Co-conspirator A in Iran in 2009. In or around February 2009, in connection with that shipment, HAJIAN

Defendant's Initials _____ﾑ_____          13

sent an email from his Tampa, Florida residence (where he also operated his businesses, RH INTERNATIONAL, LLC, NEXIANT, LLC, and P&P COMPUTERS) to Co-conspirator A in Iran, which email contained a proposal to sell this HDS merchandise for ultimate delivery to Iran through a company in the UAE (UAE-CO).

In response, on or about May 25, 2009, an employee of UAE-CO sent an email to HAJIAN in Tampa, Florida, and to Co-conspirator A, with two (2) attached wire transfer receipts totaling $1,000,000, evidencing payment, at least in part, for the HDS USP V and related parts and equipment. According to a copy of PO 4040 which HAJIAN emailed to himself on or about May 27, 2009, UAE-CO had purchased this merchandise and related implementation services and spare parts for $1,221,928.39.

Notwithstanding the cost of this shipment, in or around May and June 2009, HAJIAN sent emails to himself and to Co-conspirator A in Iran, which emails contained a false RH INTERNATIONAL invoice for PO 4040 reflecting the sale of that equipment for only $128,315. Further, in or around June 2009, HAJIAN caused the shipment of PO 4040 to the UAE knowing that this shipment was destined for Iran, and also caused the value of the shipment of PO 4040 to be significantly understated on export documentation.

In connection with the sale of this merchandise to Co-conspirator A in Iran, in or about August 2009, HAJIAN traveled from Tampa, Florida to Iran to attend a meeting with Co-conspirator A, and thereafter provided a document to HDS and FL-CO that contained an "Export Compliance Notice" regarding PO 4040, which HAJIAN knew identified a false end-user of the equipment.

Defendant's Initials _RH_          14

Finally, on or about August 3, 2009, in response to an email from a UAE-CO employee complaining about the various fees involved in doing business with the defendant and his businesses, including freight forwarder fees charged by UAE-FF and other fees associated with importing into the UAE and exporting to a third country, HAJIAN explained that he intentionally understated the values of his shipments to UAE-CO by a significant amount.

10.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or the defendant's attorneys with regard to such guilty plea.

11.    Certification

The defendant and the defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that the defendant fully understands its terms.

DATED this _27th_ day of _April_, 2012.

P & P COMPUTERS
Defendant

JAMES E. FELMAN, ESQ.
Attorney for Defendant

ROBERT E. O'NEILL
United States Attorney

By: _____
RACHELLE DESVAUX BEDKE
Assistant United States Attorney

for MARICLAIRE ROURKE
Trial Attorney
United States Department of Justice
National Security Division

ROBERT A. MOSAKOWSKI
Assistant United States Attorney
Chief, Economic Crimes Section

C:\Documents and Settings\KLake\Local Settings\Temporary Internet Files\Content.Outlook\0C3LOID6\p_Plea Agreement for P  P Computers_REVISED_4 26 12.wpd

16